23 F.3d 407
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William L. HAYES, II, Plaintiff-Appellant,
v.
Dan BOLDEN; Raymond G. Toombs; D. Bentley; Willie O.
Smith, Defendants-Appellees.
 No. 93-2336.
 United States Court of Appeals, Sixth Circuit.
 April 25, 1994.
 
 Before: KENNEDY and NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 William L. Hayes, II, appeals a grant of summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hayes filed his complaint in the district court alleging that the defendant Michigan prison officials were deliberately indifferent to his serious psychological needs. Hayes named defendants in their individual and official capacities and sought declaratory and injunctive relief and compensatory damages. Defendants moved the court to dismiss the complaint or for summary judgment, and Hayes responded in opposition. The district court granted summary judgment for defendants. Thereafter, the district court certified that this appeal was taken in good faith and granted Hayes pauper status.
 
 
 3
 A grant of summary judgment will be reviewed de novo on appeal using the same test employed by the district court. Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991). Generally, summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to [a] judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988) (quoting Fed.R.Civ.P. 56(c)). Only factual disputes which may have an effect on the outcome of a lawsuit under substantive law are "material." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). To be "genuine," a dispute must involve evidence upon which a jury could find for the nonmoving party. Id. The burden is upon the moving party to show that "there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Thereafter, the nonmoving party must come forward with facts which show a genuine issue of material fact remaining for trial. Id. at 324.
 
 
 4
 Upon consideration, we affirm the judgment of the district court for the reasons stated in its opinion filed September 7, 1993. Essentially, plaintiff did not show a genuine issue of material fact remaining for trial with respect to his claim that defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 103-07 (1976). Plaintiff's claims on appeal are without merit.
 
 
 5
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.